United States District Court
Southern District of Texas

**ENTERED**

May 28, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMELLO DEQUAES LEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-23-1392 |
| | § | Criminal Action No. H-19-99-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court are Petitioner Romello Lee's Motion to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 (Civil Document No. 1, Criminal

Document No. 112) and Respondent United States' Memorandum in Opposition to

Petitioner's 28 U.S.C. § 2255 Motion (Criminal Document No. 121). Having

considered the motions, submissions, and applicable law, the Court determines the

Respondent's motion should be granted, and the Petitioner's motion should be

denied.

## I. BACKGROUND

On February 7, 20219, Petitioner Romello Lee ("Lee") was charged in a two-

count indictment with: (1) sex trafficking of a minor in violation of 18 U.S.C. § 1591

(a), and (b)(2) ("Count One"); and (2) sex trafficking of a minor by force 18 U.S.C.

§ 1591 (a), (b)(1) and (b)(2) ("Count Two"). On March 6, 2020, after a three-day

jury trial, Lee was found guilty on both counts. On November 30, 2020, this Court sentenced Lee to a total of 480 months imprisonment and supervised release for life.[1] On December 2, 2020, Lee filed his notice of appeal. On January 31, 2022, the Fifth Circuit affirmed the judgment of this Court. *United States v. Lee*, 2022 WL 287553 (5th Cir. 2022).

On April 13, 2023, with the assistance of counsel, Lee filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On August 17, 2023, the United States responded to Lee's motion and asked the Court to dismiss Lee's § 2255 motion with no further proceedings.

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d

---

[1] Lee was sentenced to 480 months for each count to run concurrently. *See Judgment*, Criminal Document No. 94 at 2–3.

739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

### III. LAW & ANALYSIS

Lee moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on two grounds related to ineffective assistance of counsel: (1) Lee argues that his attorney ("Trial Counsel") was ineffective at trial ("Claim One"); and (2) his Trial Counsel was ineffective at sentencing ("Claim Two"). The Government contends Lee's claims are contradicted by the record, conclusory, and meritless.

*A    Claim One*

Lee contends his Trial Counsel was ineffective at trial for: (1) failing to object to certain evidence offered by Agent Danielle LaFosse ("LaFosse") on confrontation clause grounds; and (2) failing to adequately cross examine and impeach LaFosse.

The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland,* 466 U.S. at 669. To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.' " *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance and the movant suffered prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

Lee contends text messages offered at trial between himself and a minor victim ("MV1") were in violation of the confrontation clause. As such, Lee contends, Trial Counsel was ineffective for not objecting on confrontation clause grounds. The Sixth Amendment's Confrontation Clause bars the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had . . . a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). The statement must be of a testimonial nature for the confrontation clause to come into play. The introduction of text messages into evidence does not violate the Confrontation

Clause when there is "no indication the messages were primarily intended to be used in a criminal prosecution." *United States v. Ivory*, 783 F. App'x 325, 328 (5th Cir. 2019). Here the text messages were written and sent by Lee and MV1. There is nothing in the record to indicate that at the time of the texts the purpose was for the prosecution of Lee. Defense attorneys are not required to raise "futile" objections. *see Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite"). Accordingly, the record supports that the texts were not testimonial in nature. Thus, Trial Counsels strategic decision to not object was not ineffective. Therefore, Trial Counsel was not ineffective by failing to object to the text messages on the grounds of the confrontation clause.

As to Trial Counsel's decisions in the cross examination of LaFosse, the manner and extent of cross-examination is a matter of trial strategy. *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007). Lee argues that defense counsel was ineffective for failing to adequately impeach Agent LaFosse.[2] According to Lee, defense counsel should have relied on two documents that demonstrated MV1 did not claim that she worked for a pimp and did not mention Lee; instead, MV1 later

---

[2] *Memorandum of Law in Support of 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence*, Document No. 114 at 19–22.

implicated a man named Mike .[3] However, the record shows the Trial Counsel did conduct a cross examination which resulted in LaFosse stating that MV1 had denied working for a pimp and did state she worked for Mike.[4] However, the jury still found Lee guilty, supporting the government's position that the record provided substantial evidence of Lee's guilt. Accordingly, Trial Counsel was not ineffective in his cross-examination of LaFosse. Additionally, as discussed above the fact that the jury still found ample evidence to convict Lee, in spite of some of MV1's statement, shows that if *arguendo* Trial Counsel was ineffective, it did not prejudice Lee. Therefore, the Court finds Lee has failed to show his Trial Counsel was ineffective at trial. The Court now turns to Lee's Claim Two.

*B     Claim Two*

Lee contends that his Trial Counsel was ineffective at sentencing for not objecting to certain sentencing enhancements. The United States contends Defense counsel lacked meritorious grounds to object to defendant's enhancement pursuant to U.S.S.G. § 2G1.3(b)(4)(A), because the offense involved the commission of a sex act and sexual contact.

---

[3] *Memorandum of Law in Support of 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence*, Document No. 114 at 19–22.

[4] *United States' Memorandum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion*, Document No. 121 at 26.

The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland,* 466 U.S. at 669. To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.' " *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance and the movant suffered

prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). The standards for ineffective trial and appellate counsel are the same. United States v. Merida, 985 F.2d 198, 202 (5th Cir. 1993).

To apply an enhancement under the Guidelines, a sentencing court must find evidence supporting the enhancement to a preponderance of the evidence. *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

Here, there was a broad range of evidence that supported the enhancement. Probation reviewed Instagram live videos of Lee touching MV1's vagina,[5] a photograph of Lee striking MV1's buttocks with a paddle,[6] a video of Lee striking MV1's buttocks with a paddle with her breasts exposed,[7] and a photograph of MV1 in a dog collar with a leash held by Lee.[8] These pieces of media were use as advertisements for MV1 to engage in commercial sex acts. MV1 also told agents she

---

[5] *Final Presentencing Investigation Report*, Document No 85 ¶ 13.

[6] *Final Presentencing Investigation Report*, Document No 85 ¶ 14.

[7] *Final Presentencing Investigation Report*, Document No 85 ¶ 18.

[8] *Final Presentencing Investigation Report*, Document No 85 ¶ 19.

had sex with Lee, involving vaginal penetration by his penis; Probation reviewed numerous texts about their "romantic" relationship.[9] The copious evidence supports the United States' contention that Lee's attorney did not have any meritorious grounds to object.[10] Therefore, the Court finds that Lee's trial counsel was not ineffective at sentencing for failing to object to the enhancement.

IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Romello Lee's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Civil Document No. 1, Criminal Document No. 112) DENIED. The Court further

**ORDERS** that Respondent United States' Memorandum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion (moving to dismiss Petitioners 2255 claim) is **GRANTED.**

---

[9] *Final Presentencing Investigation Report*, Document No 85 ¶ 19.

[10] The Court notes that the United States also contends Lee cannot show prejudice because even if an objection would have been granted his total offense level would not have changed. *See Untied States' Memorandum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion*, Document No. 121 at 32–33.

**THIS IS A FINAL JUDGMENT.**[11]

SIGNED at Houston, Texas, on this *28* day of May, 2024.

DAVID HITTNER
United States District Judge

---

[11] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Lee does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.